IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No.  94-30008 |
| KENNETH L. BELL, | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court for hearing held September 11, 2006, on the Petition for Offender under Supervision (d/e 36) (Petition) which sought to revoke Defendant Kenneth L. Bell's supervised release. Bell was present in person and through his counsel, Assistant United States Public Defender Douglas Beevers.  The Government was present through Assistant United States Attorney Gregory Harris.  On January 30, 1995, United States District Judge Richard Mills sentenced Bell to 156 months imprisonment followed by five years of supervised release.  <u>Minute Entry dated January 30, 1995</u>.  The instant Petition was filed August 1, 2006. Pursuant to the August 15, 2006, Text Order entered by Chief Judge

1

Michael McCuskey, the case was reassigned to this Judge.

The Petition alleged that Bell violated the terms of his supervised release by: (1) possessing controlled substances, specifically cocaine and marijuana, (2) committing a state law crime, i.e. disorderly conduct, and (3) failing to provide a urine test as directed.  In open court, Bell admitted the violations as alleged, and the matter proceeded to sentencing.  The Court was in receipt of a Violation Report, dated August 25, 2006, prepared by the United States Probation Office.  Defendant, through counsel, objected to the Violation Report's conclusion that the pre-September 13, 1994, version of 18 U.S.C. § 3583(g) applied, mandating a minimum sentence of one-third of the term of supervised release following a revocation finding that the Defendant possessed a controlled substance.  The original offense was committed prior to the change in the law, and Bell entered his guilty plea on July 11, 1994.  Bell, however, argued that, because the mandatory minimum requirement had been amended before he was sentenced, the Court should apply the new version of the law, which did not include a mandatory minimum sentence in such situations.  For the reasons stated of record, the Court denied Bell's objection.  The Court noted that the offense and conviction occurred prior to the change of law and that there was no

discernable Congressional intent to apply this portion of the amendment retroactively. See Johnson v. United States, 529 U.S. 694 (2000). There were no other objections, and thus, the Court accepted the Violation Report as written and adopted its findings.

The Court determined that the violation of possession of cocaine constituted a Grade B violation, while Bell's other violations were Grade C. See U.S.S.G. § 7B1.1(a)(2) & (3). As an armed career criminal, Bell's original Criminal History Category was IV. A Grade B violation with a Criminal History Category IV results in an advisory policy statement range of 12 to 18 months imprisonment. However, the pre-September 13, 1994 version of 18 U.S.C. § 3583(g) mandated a term of imprisonment of one-third of the term of supervised release. Because Bell was sentenced to five years of supervised release, the range became 20 months. After considering the case file, the violation report, the arguments of counsel, and Bell's own statement, the Court sentenced Bell to 20 months imprisonment to be followed by 1 additional year of supervised release. The Court noted that a sentence of 20 months imprisonment would be warranted even without the mandatory minimum one-third requirement because of the number of violations and the extent of Bell's drug problem. The Court advised Bell of

his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER: September 13, 2006.

>FOR THE COURT:

>>s/ Jeanne E. Scott
>>JEANNE E. SCOTT
>>UNITED STATES DISTRICT JUDGE